<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS RODRIGUES,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>VICTORIA KUHN, *et al.*,<br><br>　　　　　　　Respondents. | Civil Action No. 24-8404 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　　Petitioner Luis Rodrigues[1] ("Petitioner") is a sexual violent predator ("SVP") currently involuntarily committed at the Special Treatment Unit in Avenel, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed a motion to dismiss ("Motion") the Petition as second or successive. (ECF No. 5.) Petitioner filed a letter brief opposing Respondents' Motion. (ECF No. 8.) Having reviewed the submissions filed in connection with the Motion, for the reasons set forth below and for good cause having been shown, Respondents' Motion to Dismiss is **GRANTED**.

---

[1] In Petitioner's two prior Petitions for Writ of Habeas Corpus, Petitioner spelled his last name Rodriguez and not Rodrigues as he does in this petition. (*See* Civ. No. 18-12570, ECF No. 1; *see also* Civ. No. 21-12801, ECF No. 1.) However, regardless of the spelling of his last name, the two previous petitions and this petition all challenge Petitioner's conviction under Indictment Number 11-01-0124.

I. **BACKGROUND**

As discussed in this Court's earlier Opinion, Petitioner previously filed a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence; this Court dismissed that petition as untimely. (*See* Civ. No. 18-12570, ECF No. 6.)

On February 24, 2012, Petitioner pled guilty to burglary, N.J.S.A. § 2C:15-2, and sexual assault, N.J.S.A. § 2C14-2B, charges which were contained in superseding indictment number 11-01-0124. (ECF Nos. 5-10, 5-13.) Petitioner was sentenced to six years, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. § 2C:43-7.2, three years of mandatory supervision, and parole supervision for life. (ECF No. 5-13.)

Petitioner filed a notice of appeal related to his sentence, which was denied by the Appellate Division on February 11, 2014. (ECF No. 5-16, *State v. Rodriguez*, No. A-1470-13 (N.J. Super. Ct. App. Div. Feb. 11, 2014).) Petitioner did not file a petition for certification with the New Jersey Supreme Court.

On February 9, 2016, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("PCR"). (ECF No. 5-17.) On March 2, 2018, the PCR court denied the petition. (ECF No. 5-21.) Petitioner filed a notice of appeal with the Appellate Division, arguing "trial counsel failed to communicate with [Petitioner] in Spanish, his native language, and specifically failed to inform him of the consequences of civil commitment," and "trial counsel was ineffective for failing to discuss exculpatory evidence with [Petitioner], and commitment under the Sexual Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38, violates the United States and New Jersey Constitutions." (ECF No. 5-24, *State v. Rodriguez*, No. A-4333-17T4, 2019 WL 5092933, at *1 (N.J. Super. Ct. App. Div. Oct. 11, 2019).) On October 11, 2019, the Appellate Division affirmed the PCR court's denial. (*Id.*) On April 9, 2020, the New Jersey Supreme Court denied Petitioner's petition for certification.

(ECF No. 5-25, *State v. Rodriguez*, 228 A.3d 214 (N.J. 2020).) On April 9, 2021, the New Jersey Supreme Court denied Petitioner's request for reconsideration of the denial of certification. (ECF No. 5-26, *State v. Rodriguez*, 248 A.3d 386 (N.J. 2021).) While his first PCR appeal was pending, Petitioner filed a second PCR petition, which was dismissed on July 24, 2018. (ECF No. 5-23.)

On July 22, 2018, while Petitioner's notice of appeal to the Superior Court was pending, Petitioner filed his first petition for writ of habeas corpus. (Civ. No. 18-12570, ECF No. 1.) Petitioner raised several claims arguing trial counsel was ineffective for (1) failing to investigate before allowing Petitioner to plead guilty; (2) failing to provide an interpreter before Petitioner signed the plea form; and (3) failing to inform him about the consequences of his plea, including civil commitment. (*Id.*) On May 20, 2019, this Court dismissed Petitioner's first § 2254 petition as untimely. (Civ. No. 18-12570, ECF No. 6.) The Court found the one-year statute of limitations period expired on March 5, 2015 and "[Petitioner's] habeas [p]etition, filed on July 22, 2018, was therefore over three years late." (*Id.* at 4.) Petitioner filed a motion for reconsideration, which the Court denied on January 29, 2021. (Civ. No. 18-12570, ECF Nos. 8, 10, 11.)

On June 22, 2021, Petitioner filed his second § 2254 petition. (Civ. No. 21-12801, ECF No. 1.) In his second habeas petition, Petitioner argued: (1) ineffective assistance of trial counsel for failing to "obtain evidence"; and (2) ineffective assistance of trial counsel for failing to "disclose exculpatory evidence, specifically lack of victim statements, lack of physical evidence or other evidence." (Civ. No. 21-12801, ECF No. 1 at 7.) Respondents in that matter filed a motion to dismiss, arguing that the petition is a second or successive petition. (*Id.*, ECF No. 4.) On January 21, 2021, the Court granted the motion to dismiss and dismissed Petitioner's second § 2254 petition with prejudice for lack of jurisdiction. (ECF Nos. 14, 15.)

On July 23, 2024, Petitioner filed this Petition, his third § 2254 petition. (ECF No. 1.) Petitioner argues: (1) his second PCR petition was timely filed; (2) ineffective assistance of appellate counsel during his first PCR petition; (3) ineffective assistance of trial counsel based on "lack of evidence when [his] guilty plea was entered" because "there was no victim impact statement and no medical report of alleged tra[u]ma to victim"; and (4) PCR court erred in not holding an evidentiary hearing on Petitioner's claims of ineffective assistance of trial counsel. (*Id.* at 5–8.) Respondents have filed the instant Motion, arguing the Petition is a second or successive petition, which the Court lacks jurisdiction over. (ECF No. 5.) Petitioner filed a letter brief in opposition of Respondents' Motion. (ECF No. 8.) The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DECISION

Respondents argue in their motion to dismiss that this matter presents a second or successive habeas petition filed without leave of the Court of Appeals, and that Petitioner's habeas petition must be dismissed as a result.

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition which the petitioner has filed after his initial conviction. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Subject to exceptions not relevant here, a petition is second or successive if: (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions).

The Court decided Petitioner's first § 2254 petition on the merits in May 2019, dismissing it as untimely. (Civ. No. 18-12570, ECF No. 6.) Courts have held "that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition 'second or successive.'" *Taylor v. Bonds*, No. 17-7270, 2017 WL 6514603, at *2 (D.N.J. Dec. 20, 2017) (listing cases); *Woodard v. Wetzel*, No. 02-8543, 2016 WL 773210, at *3 n.6 (E.D. Pa. Feb. 29, 2016) (same); *see also Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013). Additionally, both Petitioner's prior petition and this Petition challenge Petitioner's conviction for burglary and sexual assault under superseding indictment number 11-01-0124. (*Compare* ECF No. 1, *with* Civ. No. 18-12570, ECF No. 1.) Finally, Petitioner raises ineffective assistance of counsel claims and claims regarding his PCR petitions, which were both filed prior to his first § 2254. All of these claims could have been raised in his first petition. Accordingly, the instant Petition is second or successive.

Petitioner does not state that he has received permission from the Third Circuit to file this second or successive petition; rather, Petitioner denies ever having filed a previous § 2254 petition. (*See* ECF No. 1 at 13.) Because Petitioner has not received permission from the Third Circuit to

file his second or successive petition, this Court lacks jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The interests of justice will generally support a transfer of a successive habeas petition to the Court of Appeals only where the petitioner has alleged facts which would be sufficient to bring him within the gatekeeping requirements for the authorization of a successive petition under the habeas statute. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). The habeas statute provides that a district court shall dismiss a second or successive petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner does not allege facts indicating that the claims presented in his Petition satisfy the gatekeeping requirements of § 2244(b)(2). Petitioner does not identify a new rule of constitutional law, nor does he point to facts that he could not have previously discovered through the exercise of due diligence. In his opposition to Respondents' Motion, Petitioner appears to argue that he has newly discovered evidence that the victim was not available for questions at the time of his plea. (*See* ECF No. 8.) However, this does not constitute newly discovered evidence, as Petitioner argued in his first § 2254 petition that trial counsel was ineffective for failing to use

documentation showing that the victim was unavailable. (Civ. No. 18-12570, ECF No. 1-1 at 2.) Additionally, the Court previously dismissed Petitioner's first § 2254 petition raising ineffective assistance of counsel claims as time barred. (Civ. No. 18-12570, ECF No. 6.) Petitioner does not make any arguments as to why the current Petition, which was filed nearly six years after Petitioner's initial untimely § 2254 petition, would not also be time barred. Therefore, it would be futile to transfer this Petition to the Third Circuit. The Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition. *See Hatches*, 381 F. App'x at 137. Petitioner's Petition is therefore dismissed for lack of jurisdiction.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, jurists of reason would not disagree with this Court's conclusion that it lacks jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated above, and for good cause having been shown, Respondents' Motion to Dismiss (ECF No. 5) is **GRANTED** and Petitioner's habeas petition is **DISMISSED** with prejudice for lack of jurisdiction. A certificate of appealability shall not issue. An appropriate order follows.


Date: April 8, 2025                                         */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**